Justice W. William Leaphart
dissenting.
¶32 I dissent.
¶33 Under MAPA, the Board has the discretion to determine the appropriate sanction. However, the Board cannot reject the Hearings Officer’s findings of fact “unless the agency first determines from a review of the complete record and states with particularity in the order that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law.” Section 2-4-621(3), MCA. At issue here is the Hearings Officer’s delineated “finding of fact” number 16, in which he states:
16. Dr. Page concluded, among other things, that it did not appear that Munn would “purposely use his professional position to maneuver patients into sexual or physical contacts with premeditated or strategic purpose.” Dr. Page further concluded that, “Overall, Dr. Munn does not appear to pose a significant threat to future patients in terms of risk of predatory or sexually assaultive behaviors to the degree to which it would be necessary to remove his license to practice. However, he does present with some concerns surrounding the emotional underpinnings which led him toward his ethical violations with a patient, which need further therapeutic investigation and intervention.”
¶34 The Board did not conclude that the above finding of fact was not based upon competent substantial evidence. Accordingly, the Board could not “reject” the finding that Munn was not a threat to the public. As the Court recognizes, the Board, in fact, accepted the findings of fact without modification. The sanction of revoking Munn’s license is thus fatally inconsistent with the finding that he presents no threat to the public.
¶35 The Court concludes that the Hearings Officer did not, himself, find that Munn was not a threat to the public. Rather, the Court *414 reasons that the Hearings Officer did nothing more than recite what Dr. Page testified to-that is, that in Dr. Page’s opinion, Munn did not present a threat to the public making it necessary to remove his license. Unfortunately, the format used by the Hearings Officer is confusing. Although paragraph 16 states that Dr. Page “concluded,” we cannot ignore the context of that paragraph: it is part of the “findings of fact.” I also have to assume that the Hearings Officer would not have recited this testimony were he not adopting Dr. Page’s conclusions. Furthermore, the determination as to whether someone poses a “threat” to the public is an issue of fact; it is not a conclusion of law.
¶36 For the above-stated reasons, I would hold that the Board was bound to accept the finding that Munn posed no threat to the public. That being the case, there was no basis to conclude that Munn’s license should be revoked.
¶37 This case graphically illustrates how important it is for hearings officers and district courts to be clear in distinguishing findings of fact from conclusions of law and in distinguishing between a true finding of fact as opposed to a mere recitation of what evidence was presented. Ideally, if the hearings officer or district judge wants to summarize the proceedings or evidence presented, that summary should be presented under a separate heading-perhaps “procedural history” or “introduction.” This would then be followed by the “findings of fact” which in turn form the basis for the “conclusions of law.” Use of such categories in the present case, in all likelihood, would have obviated the need for this appeal.
CHIEF JUSTICE GRAY and JUSTICE RICE join the dissent of JUSTICE LEAPHART.
JUSTICE NELSON concurring in part:
¶38 While I do not join Justice Leaphart’s dissent, I do concur with his observations in ¶ 37.